UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
:
:
FRANCE TELECOM S.A.,                    :   ECF CASE
:
                Plaintiff,         :   12-Civ-4986 (JSR)
:
          - against -                    :   **ANSWER TO COMPLAINT**
:
MARVELL SEMICONDUCTOR, INC.,            :   **JURY TRIAL DEMANDED**
                Defendant.        :
------------------------------------------------------------------- x

## I.  ANSWER

Defendant Marvell Semiconductor, Inc. ("Marvell"), by its attorneys, in response to the Complaint of France Telecom S.A. ("France Telecom"), denies France Telecom's allegations of any form of infringement and answers France Telecom's Complaint as follows:

### Nature of the Claim

1.     Marvell admits that France Telecom has asserted a claim for willful infringement but Marvell denies that it has infringed the '747 patent.  Marvell admits that France Telecom attached to its Complaint a utility patent that appears to have been issued by the United States Patent and Trademark Office as U.S. Patent No. 5,446,747.

### Parties and Jurisdiction

2.     Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint, and therefore denies the allegations.

3.     Admitted.

4. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint, and therefore denies the allegations.

5. Marvell admits this Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a). However, Marvell denies that this Court has personal jurisdiction over Marvell in this action pursuant to N.Y. C.P.L.R. §§ 301 and 302, or that this district is the proper venue for this action pursuant to 28 U.S.C. §§ 1391 and 1400. Furthermore, this district is an inconvenient forum under 28 U.S.C. § 1404.

## Claim for Relief

6. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the Complaint, and therefore denies the allegations.

7. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint, and therefore denies the allegations.

8. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint, and therefore denies the allegations.

9. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and therefore denies the allegations.

10. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint, and therefore denies the allegations.

11. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint, and therefore denies the allegations.

12. Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint, and therefore denies the allegations.

13. Marvell admits that that it designs communications processors including cellular processors that use the "PXA9" prefix and thin modems that use the "PXA12" or "PXA18" prefixes. Marvell otherwise denies the remaining allegations of paragraph 13.

14. Denied.

15. Denied.

16. Marvell admits that it has had actual knowledge of the '747 Patent. Marvell otherwise denies the remaining allegations of paragraph 16.

17. Denied.

18. Denied.

19. Denied.

## II.  MARVELL'S AFFIRMATIVE DEFENSES

20. Marvell is a California corporation that has no offices, facilities or employees based in New York.

21. Marvell's accused communications processors are components in third party devices sold throughout the United States, and Marvell does not supply these communications processors specifically for use in devices uniquely used in New York.

22. On information and belief, France Telecom's allegations of infringement by Marvell of the '747 patent are based on the contention that the accused communications processors are capable of accessing cellular networks that are compatible with "3G" telecommunications standards used in the United States, such as W-CDMA or cdma2000.

23. On information and belief, France Telecom is a participating member in various standards-settings organizations.

24. On information and belief, France Telecom has identified French Patent Application 91 05280 as an essential patent applicable to certain communications networks in various countries, including the United States. The '747 patent claims priority to French Patent Application 91 05280.

25. The accused Marvell communications processors are part of a product line acquired by Marvell from Intel Corporation ("Intel") in June 2006.

26. On information and belief, Intel is a Delaware corporation having its principle place of business at 2200 Mission College Boulevard, Santa Clara, California 95052-8119.

27. On information and belief, accused Marvell communications processors were publicly sold in the United States at least as early as 2006 by Intel before the product line was acquired by Marvell.

28. On information and belief, France Telecom did not file suit against Intel for patent infringement accusing the allegedly infringing features of the accused Marvell communications processors.

29.     Marvell has designed accused communications processors openly and notoriously since it acquired the product line in 2006.

30.     France Telecom has unreasonably and/or intentionally delayed filing this action against Marvell until approximately two months before the expiration of the '747 patent.

31.     By alleging the Affirmative Defenses set forth below, Marvell does not agree or concede that it bears the burden of proof or the burden of persuasion on any of these issues, whether in whole or in part.  For its Affirmative Defenses to the Complaint, Marvell alleges as follows:

### First Affirmative Defense:  Lack of Personal Jurisdiction

32.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-31.

33.     This Court lacks personal jurisdiction over Marvell pursuant to N.Y. C.P.L.R. §§ 301 and 302.

### Second Affirmative Defense:  Improper Venue

34.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-33.

35.     This Court is the improper venue pursuant to 28 U.S.C. §§ 1391 and 1400.

### Third Affirmative Defense:  Non-Infringement

36.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-35.

37.     Marvell has not infringed, and does not infringe, directly or indirectly any claim of the '747 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

38. Marvell has not contributed, and does not contribute, to direct or indirect infringement of any claim of the '747 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

39. Marvell has not induced, and does not induce, direct or indirect infringement of the '747 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

### Fourth Affirmative Defense: Prosecution History Estoppel/Disclaimer

40. Marvell realleges and incorporates by reference the allegations of paragraphs 20-39.

41. The relief sought by France Telecom as to the claims of the '747 Patent is barred under the doctrine of prosecution history estoppel/disclaimer.

### Fifth Affirmative Defense: Patent Invalidity

42. Marvell realleges and incorporates by reference the allegations of paragraphs 20-41.

43. The claims of the '747 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

### Sixth Affirmative Defense: Nonjoinder of Joint Inventor

44. Marvell realleges and incorporates by reference the allegations of paragraphs 20-43.

45. The '747 Patent is invalid for failure to name a joint inventor under the doctrine of nonjoinder.

### Seventh Affirmative Defense:  Misjoinder of Inventor

46. Marvell realleges and incorporates by reference the allegations of paragraphs 20-45.

47. The '747 Patent is invalid for failure to name the true inventor under the doctrine of misjoinder.

### Eighth Affirmative Defense:  Patent Misuse

48. Marvell realleges and incorporates by reference the allegations of paragraphs 20-47.

49. The relief sought by France Telecom as to the claims of the '747 Patent is barred under the doctrine of patent misuse specified in Title 35 of the United States Code, including without limitation § 271.

### Ninth Affirmative Defense:  Waiver, Acquiescence, and Estoppel

50. Marvell realleges and incorporates by reference the allegations of paragraphs 20-49.

51. France Telecom's conduct lead Marvell to reasonably infer that France Telcom did not intend to enforce the '747 patent against Marvell.

52. Marvell relied on France Telecom's conduct and, due to Marvell's reasonable reliance on that conduct, will be materially prejudiced.

53. Each of the purported claims set forth in France Telecom's Complaint is barred by the doctrines of waiver, acquiescence, and estoppel.

### Tenth Affirmative Defense:  Laches

54. Marvell realleges and incorporates by reference the allegations of paragraphs 20-53.

55. On information and belief, France Telecom knew or reasonably should have known that Intel publicly sold certain accused Marvell communications processors prior to and in 2006.

56. On information and belief, France Telecom has known of Marvell's conduct that it now alleges is infringing since at least 2008 and should have known since at least 2006.

57. France Telecom delayed filing suit for an unreasonable and inexcusable length of time from the time it knew, or reasonably should have known, of its claim for patent infringement against Marvell.

58. France Telecom's delay in bringing suit operated to the prejudice and/or injury of Marvell.

59. The '747 Patent is unenforceable, in whole or in part, against Marvell under the doctrine of laches.

**Eleventh Affirmative Defense:  No Equitable Relief**

60. Marvell realleges and incorporates by reference the allegations of paragraphs 20-59.

61. As a result of France Telecom's actions, France Telecom is not entitled to equitable relief, including but not limited to France Telecom's request for injunctive relief as it has an adequate remedy at law.

**Additional Defenses**

62. Marvell realleges and incorporates by reference the allegations of paragraphs 20-61.

63. Marvell reserves the right to assert additional defenses based on information learned or obtained during discovery.

## **Prayer for Relief**

WHEREFORE, Marvell respectfully prays that the Court:

A.     Dismiss with prejudice any and all claims of France Telecom's Complaint and order that France Telecom take nothing as a result of the Complaint and that all of France Telecom's prayers for relief are denied;

B.     Find and declare, and enter judgment, in favor of Marvell and against France Telecom that Marvell has not infringed the '747 Patent;

C.     Find and declare, and enter judgment, in favor of Marvell and against France Telecom that the '747 Patent is invalid;

D.     Find and declare, and enter judgment, in favor of Marvell and against France Telecom that the '747 Patent is unenforceable;

E.     Award Marvell its reasonable attorney's fees, costs, and expenses under 35 U.S.C. § 285 as an exceptional case;

F.     That France Telecom be ordered to pay all costs associated with this action; and

G.     Grant to Marvell such other and further relief as may be deemed just and appropriate.

Dated: New York, New York  
July 18, 2012

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By:   */s/ Eric Huang*  
    Edward J. DeFranco (ED6524)  
    Eric Huang (EH9072)  
    Krista M. Rycroft (KR9343)  
    51 Madison Avenue, 22nd Floor  
    New York, New York 10010  
    Tel.: 212-849-7000  
    Fax: 212-849-7100  
    eddefranco@quinnemanuel.com  
    erichuang@quinnemanuel.com

kristarycroft@quinnemanuel.com

Attorney for Defendant
*Marvell Semiconductor, Inc.*

OF COUNSEL

Kevin P.B. Johnson (KJ8689)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel.: 650-801-5000
Fax: 650-801-5100
kevinjohnson@quinnemanuel.com