**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------- x
                                   :

FRANCE TELECOM S.A.,                    :   ECF CASE

                Plaintiff,          :   12-Civ-4986 (JSR)

           - against -         :   **AMENDED ANSWER TO**
                                     :   **COMPLAINT**
MARVELL SEMICONDUCTOR, INC.,     :

            Defendant.        :   **JURY TRIAL DEMANDED**

------------------------------------------------------------------- x

## I.  ANSWER

Defendant Marvell Semiconductor, Inc. ("Marvell"), by its attorneys, in response to the Complaint of France Telecom S.A. ("France Telecom"), denies France Telecom's allegations of any form of infringement and submits its amended answer to France Telecom's Complaint as follows:

### Nature of the Claim

1.      Marvell admits that France Telecom has asserted a claim for willful infringement but Marvell denies that it has infringed the '747 patent.  Marvell admits that France Telecom attached to its Complaint a utility patent that appears to have been issued by the United States Patent and Trademark Office as U.S. Patent No. 5,446,747.

### Parties and Jurisdiction

2.      Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 2 of the Complaint, and therefore denies the allegations.

3.      Admitted.

4.      Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 4 of the Complaint, and therefore denies the allegations.

5.      Marvell admits this Court has subject matter jurisdiction to hear this action under 28 U.S.C. §§ 1331 and 1338(a).  However, Marvell denies that this Court has personal jurisdiction over Marvell in this action pursuant to N.Y. C.P.L.R. §§ 301 and 302, or that this district is the proper venue for this action pursuant to 28 U.S.C. §§ 1391 and 1400.  Furthermore, this district is an inconvenient forum under 28 U.S.C. § 1404.

## Claim for Relief

6.      Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 6 of the Complaint, and therefore denies the allegations.

7.      Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 7 of the Complaint, and therefore denies the allegations.

8.      Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 8 of the Complaint, and therefore denies the allegations.

9.      Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 9 of the Complaint, and therefore denies the allegations.

10.     Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 10 of the Complaint, and therefore denies the allegations.

11.     Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint, and therefore denies the allegations.

12.     Marvell does not have knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of paragraph 12 of the Complaint, and therefore denies the allegations.

13.     Marvell admits that that it designs communications processors including cellular processors that use the "PXA9" prefix and thin modems that use the "PXA12" or "PXA18" prefixes.  Marvell otherwise denies the remaining allegations of paragraph 13.

14.     Denied.

15.     Denied.

16.     Marvell admits that it has had actual knowledge of the '747 Patent.  Marvell otherwise denies the remaining allegations of paragraph 16.

17.     Denied.

18.     Denied.

19.     Denied.

## II.  MARVELL'S AFFIRMATIVE DEFENSES

20.     Marvell is a California corporation that has no offices, facilities or employees based in New York.

21.     Marvell's accused communications processors are components in third party devices sold throughout the United States, and Marvell does not supply these communications processors specifically for use in devices uniquely used in New York.

22.     On information and belief, France Telecom's allegations of infringement by Marvell of the '747 patent are based on the contention that the accused communications processors are capable of accessing cellular networks that are compatible with "3G" telecommunications standards used in the United States, such as W-CDMA or cdma2000.

23.     On information and belief, France Telecom is a participating member in various standards-settings organizations.

24.     On information and belief, France Telecom has identified French Patent Application 91 05280 as an essential patent applicable to certain communications networks in various countries, including the United States.  The '747 patent claims priority to French Patent Application 91 05280.

25.     The accused Marvell communications processors are part of a product line acquired by Marvell from Intel Corporation ("Intel") in June 2006.

26.     On information and belief, Intel is a Delaware corporation having its principle place of business at 2200 Mission College Boulevard, Santa Clara, California 95052-8119.

27.     On information and belief, accused Marvell communications processors were made, publicly sold and/or offered for sale in the United States at least as early as 2006 by Intel before the product line was acquired by Marvell.

28.     Marvell's acquisition of the Intel product line was made public by at least June 2006, including information that Marvell acquired PXA9xx communications processors that were capable of accessing cellular networks compatible with 3G telecommunications standards

and that Intel would continue to manufacture communications processors for Marvell until Intel

was replaced by another manufacturer.

29.     On information and belief, France Telecom did not file suit against Intel for patent

infringement accusing the allegedly infringing features of the accused Marvell communications

processors.

30.     Marvell has designed accused communications processors openly and notoriously

since it acquired the product line in 2006.

31.     France Telecom has unreasonably and/or intentionally delayed filing this action

against Marvell until approximately two months before the expiration of the '747 patent.

32.     By alleging the Affirmative Defenses set forth below, Marvell does not agree or

concede that it bears the burden of proof or the burden of persuasion on any of these issues,

whether in whole or in part.  For its Affirmative Defenses to the Complaint, Marvell alleges as

follows:

### First Affirmative Defense:  Lack of Personal Jurisdiction

33.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-

32.

34.     This Court lacks personal jurisdiction over Marvell pursuant to N.Y. C.P.L.R.

§§ 301 and 302.

### Second Affirmative Defense:  Improper Venue

35.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-

34.

36.     This Court is the improper venue pursuant to 28 U.S.C. §§ 1391 and 1400.

**Third Affirmative Defense:  Non-Infringement**

37.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-36.

38.     Marvell has not infringed, and does not infringe, directly or indirectly any claim of the '747 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

39.     Marvell has not contributed, and does not contribute, to direct or indirect infringement of any claim of the '747 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

40.     Marvell has not induced, and does not induce, direct or indirect infringement of the '747 patent, either literally or under the doctrine of equivalents, willfully or otherwise.

**Fourth Affirmative Defense:  Prosecution History Estoppel/Disclaimer**

41.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-40.

42.     The relief sought by France Telecom as to the claims of the '747 Patent is barred under the doctrine of prosecution history estoppel/disclaimer.

**Fifth Affirmative Defense:  Patent Invalidity**

43.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-42.

44.     The claims of the '747 Patent are invalid for failure to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

### Sixth Affirmative Defense:  Nonjoinder of Joint Inventor

45.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-44.

46.     The '747 Patent is invalid for failure to name a joint inventor under the doctrine of nonjoinder.

### Seventh Affirmative Defense:  Misjoinder of Inventor

47.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-46.

48.     The '747 Patent is invalid for failure to name the true inventor under the doctrine of misjoinder.

### Eighth Affirmative Defense:  Patent Misuse

49.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-48.

50.     The relief sought by France Telecom as to the claims of the '747 Patent is barred under the doctrine of patent misuse specified in Title 35 of the United States Code, including without limitation § 271.

### Ninth Affirmative Defense:  Waiver, Acquiescence, Implied License, and Estoppel

51.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-50.

52.     France Telecom's conduct lead Marvell to reasonably infer that France Telcom did not intend to enforce the '747 patent against Marvell.

53.     Marvell relied on France Telecom's conduct and, due to Marvell's reasonable reliance on that conduct, will be materially prejudiced.

54.     Each of the purported claims set forth in France Telecom's Complaint is barred by the doctrines of waiver, acquiescence, implied license, and estoppel.

**Tenth Affirmative Defense:  Laches**

55.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-54.

56.     On information or belief, France Telecom knew or reasonably should have known that Intel made, publicly sold, and/or offered for sale certain accused Marvell communications processors prior to and in 2006 for use in devices capable of accessing cellular networks compatible with the UMTS 3G telecommunications standards in the United States.

57.     On information and belief, France Telecom has known of Marvell's conduct that it now alleges is infringing since at least 2008 and should have known since at least 2006. France Telecom knew or should have known that at least Marvell PXA90x communications processors were used in devices capable of accessing cellular networks compatible with the W-CDMA 3G telecommunications standards in the United States.

58.     France Telecom delayed filing suit for an unreasonable and inexcusable length of time from the time it knew, or reasonably should have known, of its claim for patent infringement against Marvell.

59.     France Telecom's delay in bringing suit operated to the prejudice and/or injury of Marvell.

60.     The '747 Patent is unenforceable, in whole or in part, against Marvell under the doctrine of laches.

**Eleventh Affirmative Defense:  No Equitable Relief**

61.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-60.

62.     As a result of France Telecom's actions, France Telecom is not entitled to equitable relief, including but not limited to France Telecom's request for injunctive relief as it has an adequate remedy at law.

**Additional Defenses**

63.     Marvell realleges and incorporates by reference the allegations of paragraphs 20-62.

64.     Marvell reserves the right to assert additional defenses based on information learned or obtained during discovery.

**Prayer for Relief**

WHEREFORE, Marvell respectfully prays that the Court:

A.     Dismiss with prejudice any and all claims of France Telecom's Complaint and order that France Telecom take nothing as a result of the Complaint and that all of France Telecom's prayers for relief are denied;

B.     Find and declare, and enter judgment, in favor of Marvell and against France Telecom that Marvell has not infringed the '747 Patent;

C.     Find and declare, and enter judgment, in favor of Marvell and against France Telecom that the '747 Patent is invalid;

D.     Find and declare, and enter judgment, in favor of Marvell and against France Telecom that the '747 Patent is unenforceable;

9

E.      Award Marvell its reasonable attorney's fees, costs, and expenses under 35 U.S.C.

§ 285 as an exceptional case;

F.      That France Telecom be ordered to pay all costs associated with this action; and

G.      Grant to Marvell such other and further relief as may be deemed just and

appropriate.


Dated:  New York, New York                    QUINN EMANUEL URQUHART &
        August 1, 2012                        SULLIVAN, LLP

                                              By:   _/s/ Eric Huang_____
                                                    Edward J. DeFranco (ED6524)
                                                    Raymond Nimrod (*pro hac vice*)
                                                    Eric Huang (EH9072)
                                                    Krista M. Rycroft (KR9343)
                                                    51 Madison Avenue, 22nd Floor
                                                    New York, New York 10010
                                                    Tel.: 212-849-7000
                                                    Fax: 212-849-7100
                                                    eddefranco@quinnemanuel.com
                                                    raynimrod@quinnemanuel.com
                                                    erichuang@quinnemanuel.com
                                                    kristarycroft@quinnemanuel.com

                                                    Attorney for Defendant
                                                    *Marvell Semiconductor, Inc.*

                                              OF COUNSEL

                                                    Kevin P.B. Johnson (KJ8689)
                                                    QUINN EMANUEL URQUHART &
                                                    SULLIVAN, LLP
                                                    555 Twin Dolphin Drive, 5th Floor
                                                    Redwood Shores, CA 94065
                                                    Tel.: 650-801-5000
                                                    Fax: 650-801-5100
                                                    kevinjohnson@quinnemanuel.com